United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Larry Lannin, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 17-23378-Civ-Scola |
| | ) |
| NCL Bahamas Ltd. and others, | ) |
| Defendants. | ) |

## Order Granting Motion to Dismiss

This matter is before the Court upon the Defendant NCL Bahamas Ltd.'s ("NCL") motion to dismiss (ECF No. 10). The Court has considered the motion, all opposing and supporting materials, the record in this case and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Court **grants** the motion to dismiss (**ECF No. 10**).

### 1. Background

This case arises as a result of alleged substandard medical care that the Plaintiff Larry Lannin received while a passenger aboard the "Epic" Norwegian Cruise Line ship. In the complaint (ECF No. 1), Lannin alleges that when he went to the onboard medical facility for treatment on September 16, 2016, he received substandard medical treatment from Dr. Alejandro Camacho Duque, the ship's doctor, and Martie Van Der Wilt, the ship's nurse, (together, the "Medical Personnel") which resulted in injuries to him. As a result, Lannin has asserted four causes of action against NCL, including negligence (Count 1), apparent agency based upon the actions of Dr. Duque (Count 2) and Van Der Wilt (Count 3), and joint venture among NCL, Dr. Duque, and Van Der Wilt (Count 4).[1] NCL moves to dismiss Lannin's claims on the basis that he fails to adequately plead such claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Lannin requests leave to amend in the event that the Court grants the motion.

### 2. Legal Standard

When considering a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8

---

[1] Lannin also asserted claims against Dr. Duque and Van Der Wilt individually, which the Court dismissed for failure to timely serve. (*See* ECF No. 31.)

announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-has-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *See Twombly*, 550 U.S. at 555. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679.

### 3. Analysis

NCL argues that Lannin fails to adequately state a claim for negligence in that he does not allege the medical condition for which he was treated, what medical negligence allegedly caused his injuries, and what injuries he sustained as a result. In response, rather than point to specific factual allegations in the complaint, Lannin contends that NCL possesses the necessary records to determine the facts relevant to his claim, and therefore, that NCL's motion should be denied. However, it is Lannin's burden under *Iqbal* and *Twombly* to allege sufficient facts in the first instance. In its present state, the complaint does little more than allege negligence in conclusory fashion. Therefore, as currently pled, Lannin's claim must be dismissed.

NCL also seeks dismissal of Lannin's agency claims as inadequately pled. The Court observes that the apparent agency counts, as labeled, are not really causes of action, but rather theories of liability. *See Lewis v. City of St. Petersburg*, 260 F.3d 1260 (11th Cir. 2001); *see also Gavigan v. Celebrity Cruises, Inc.*, 2011 WL 7139353, at *3 (S.D. Fla. Oct. 12, 2011) (Seitz, J.). There is no cause of action for "agency." *See Barabe v. Apax Partners Europe Managers, Ltd.*, 359 F. App'x 82, 84 (11th Cir. 2009). A fair reading of the substance of the claims, however, makes plain that Lannin is really pleading negligence causes of action that are grounded on an agency theory of liability. However, because the Court has determined that Lannin fails to allege sufficient facts to state a claim for negligence, the claims based upon apparent agency also fail.

Even so, "the doctrine of apparent agency allows a plaintiff to sue a principal for the misconduct of an independent contractor who only reasonably appeared to be an agent of the principal." *Franza v. Royal Caribbean Cruises, Ltd.*, 772 F3d 1225, 1249 (11th Cir. 2014). In order to state a claim for liability based on apparent agency, a plaintiff must allege (1) a representation by the principal to the plaintiff, (2) which caused the plaintiff reasonably to believe that the alleged agent is authorized to act for the principal's benefit, and (3) induced the plaintiff's detrimental, justifiable reliance upon the appearance of agency. *Id.* at 1253.

In the complaint, Lannin alleges only that the Medical Personnel represented themselves to be employees of NCL; however, Lannin fails to allege any relevant facts with respect to his reliance upon the appearance of the agency. While Lannin alleges that he relied upon the representation, and that that reliance significantly delayed him from obtaining proper medical treatment, the relevant factual allegations must describe reliance upon the agency relationship itself to his detriment. *Gavigan*, 843 F. Supp. 2d at 1254. Indeed, "the issue is whether [the plaintiff] relied on, or changed his position in reliance on, his alleged belief that the doctor was [the cruise line's] agent." *Id.* at 1262 n.4. As pled, Lannin's claim that he was delayed from receiving proper medical treatment does not plausibly follow from the fact that NCL allowed the Medical Personnel to represent themselves to be employees or agents, as opposed to independent contractors.

Similarly, Lannin's theory of liability premised upon a joint venture falls woefully short of stating a plausible claim for relief. "The checklist of elements that a district court should consider when analyzing a joint venture claim under federal common law are: (1) intention of the parties to create a joint venture; (2) joint control or joint right of control; (3) joint proprietary interests in the subject matter of the venture; (4) right of both venturers to share in the profits; and (5) duty of both to share in the losses." *Skeen v. Carnival Corp.*, No. 08-22618-CIV, 2009 WL 1117432, at *3 (S.D. Fla. Apr. 24, 2009) (Cooke, J.) (quoting *Fulcher's Point Pride Seafood, Inc. v. M/V "Theodora Maria,"* 752 F. Supp. 1068, 1072 (S.D. Ga. 1990) (internal quotations omitted).

In support of the claim, Lannin alleges that NCL equipped the ship's medical facility and assisted in running it, while the Medical Personnel provided labor and charged passengers fees which were they then shared with NCL. (Compl., ECF No. 1 at ¶ 48.) Lannin further alleges that the Medical Personnel exercised control of the daily workings of the medical center, and that NCL controlled the billings and collections—thus there is joint control over the daily operations because the Medical Personnel performed the medical aspects of the joint venture, and NCL performed the operational aspects. (*Id.* at ¶ 49.) Finally, Lannin alleges that NCL and the Medical Personnel shared profits through a contractual arrangement and that an obligation to share in the losses arises by

law in Florida. (*Id.* at ¶ 51.) These allegations are conclusory and insufficient to allege a joint venture among NCL and the Medical Personnel, principally because Lannin fails to allege the element of intent. *See Skeen*, 2009 WL 1117432, at *3 (noting the differences between pleading joint venture under Florida and federal law). In addition, as pled, Lannin has simply set forth a division of responsibilities, rather than facts plausibly establishing the existence of a joint venture. *See Hung Kang Huang v. Carnival Corp.*, 909 F. Supp. 2d 1356, 1361-62 (S.D. Fla. 2012) (Ungaro, J.), *abrogated on other grounds by Franza*, 772 F.3d at 1225; *Gittel v. Carnival Corp.*, No. 14-cv-23234, 2015 WL 3650042, at *4 (S.D. Fla. June 11, 2015) (King, J.).

### 4. Conclusion

For the reasons set forth, NCL's motion to dismiss (**ECF No. 10**) is **granted**, with leave to amend. Lannin shall file his amended complaint on or before **March 19, 2018**.

**Done and ordered** at Miami, Florida, on March 5, 2018.

Robert N. Scola, Jr.
United States District Judge